**FILED**
**April 20, 2022**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MICHAEL R. SARRATT,**
**Claimant Below, Petitioner**

**vs.)**   **No. 21-0023** (BOR Appeal No. 2055580)
                        (Claim No. 2016025086)

**BROOKS RUN SOUTH MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael R. Sarratt, by Counsel Lori J. Withrow, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Brooks Run South Mining, LLC, by Counsel Sean Harter, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator denied Mr. Sarratt's request to reopen the claim for additional permanent partial disability benefits on January 31, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its July 31, 2020, Order. The Order was affirmed by the Board of Review on December 17, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

1

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Sarratt, an equipment operator, injured his neck and upper back while driving a shuttle car over a rough road on March 29, 2016. Mr. Sarratt had preexisting issues with his cervical and thoracic spine. On March 28, 2011, Ruperto Dumapit, M.D., treated Mr. Sarratt for cervical pain, stiffness, and thoracic pain. It was noted that Mr. Sarratt's thoracic pain was chronic and constant. Mr. Sarratt was previously diagnosed with generalized osteoarthritis of the neck, shoulders, and elbows; rotator cuff tendonitis; carpal tunnel syndrome; and epicondylitis of both elbows. After examination, Dr. Dumapit diagnosed generalized osteoarthritis, neck pain, and upper back pain. A cervical and thoracic MRI taken on November 21, 2013, showed small broad-based disc osteophyte complexes from C4-T1, mild neural foraminal stenosis at C7-T1, and mild mid-thoracic dextroscoliosis.

Following the compensable injury, Mr. Sarratt underwent a cervical x-ray on March 29, 2016, which showed narrowing of the C5-6 disc space with mild encroachment of the lateral recesses by marginal osteophytes. Mr. Sarratt was treated by David Eells, M.D., on August 29, 2016, for back pain that was present for the previous four months. MRIs taken from the sacrum to the cervical spine showed no acute findings.

On September 9, 2016, Michael Condaras, D.C., performed an Independent Medical Evaluation in which he diagnosed thoracic and cervical sprains. He opined that Mr. Sarratt had reached maximum medical improvement for the compensable injury and required no further treatment. Dr. Condaras found 4% cervical impairment due to range of motion loss. He stated that Mr. Sarratt did not qualify for impairment under Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) due to his preexisting degenerative conditions. Dr. Condaras placed Mr. Sarratt in Cervical Category II from West Virginia Code of State Rules § 85-20-E and adjusted the rating to 5%. Dr. Condaras found normal range of motion in the cervical spine and no ratable impairment under the AMA *Guides*. The claims administrator granted a 5% permanent partial disability award on September 29, 2016.

Prasadarao Mukkamala, M.D., performed an Independent Medical Evaluation on April 4, 2017, in which he found that Mr. Sarratt had reached maximum medical improvement for the

2

compensable injury and required no further treatment. Dr. Mukkamala opined that Mr. Sarratt had preexisting degenerative changes and sustained only a soft tissue injury as a result of the compensable injury. Dr. Mukkamala found that there was no need for referral to a pain clinic. Dr. Mukkamala performed a second Independent Medical Evaluation on October 30, 2017, in which he assessed 5% cervical range of motion impairment and no impairment under Table 75. Dr. Mukkamala placed Mr. Sarratt in Cervical Category II from West Virginia Code of State Rules § 85-20-E. He apportioned 2% impairment for preexisting degenerative changes. Dr. Mukkamala found no impairment for the thoracic spine.

On January 13, 2020, Bruce Guberman, M.D., performed an Independent Medical Evaluation in which he noted that Mr. Sarratt had not received treatment for the compensable injury since 2016, but he reported pain, tenderness, and range of motion loss. Mr. Sarratt denied any cervical or thoracic symptoms or injuries prior to the compensable March 29, 2016, injury. Dr. Guberman found that Mr. Sarratt had reached maximum medical improvement. For the cervical spine, Dr. Guberman found 4% impairment under Table 75 of the AMA *Guides* and 6% for range of motion abnormalities. Dr. Guberman placed Mr. Sarratt in Cervical Category II from West Virginia Code of State Rules § 85-20-E and adjusted the rating to 8%. For the thoracic spine, Dr. Guberman assessed 2% impairment under Table 75 from the AMA *Guides* and 1% for range of motion abnormalities. He placed Mr. Sarratt in Thoracic Category II from West Virginia Code of State Rules § 85-20-D and adjusted the rating to 5%. Dr. Guberman found a total of 13% impairment and recommended an additional 8% permanent partial disability award.

On January 22, 2020, Mr. Sarratt petitioned the claims administrator to reopen his claim for permanent partial disability benefits based on Dr. Guberman's January 13, 2020, Independent Medical Evaluation. The claims administrator denied the request to reopen the claim on January 31, 2020. It stated that the medical evidence submitted does not support an aggravation or progression of the compensable injury. The claims administrator found that Mr. Sarratt's symptoms are the result of preexisting degenerative changes.

In a February 26, 2020, supplemental report, Dr. Guberman stated that he disagreed with the claims administrator's finding that Mr. Sarratt's symptoms are the result of preexisting degenerative changes. He opined that Mr. Sarratt's symptoms do not correlate with preexisting degenerative changes, which are common in someone Mr. Sarratt's age. Mr. Sarratt had no cervical or thoracic symptoms prior to the compensable injury. Dr. Guberman opined that Mr. Sarratt's worsening symptoms are the result of a progression of the compensable injury.

The Office of Judges affirmed the claims administrator's denial of a request to reopen the claim for permanent partial disability in its July 31, 2020, Order. It found that the only evidence Mr. Sarratt submitted in support of his request was Dr. Guberman's Independent Medical Evaluation. Dr. Guberman found that Mr. Sarratt had 13% impairment and disagreed with the claims administrator's assertion that Mr. Sarratt's worsening symptoms are the result of preexisting degenerative changes. Dr. Guberman stated that Mr. Sarratt had no cervical or thoracic symptoms prior to the compensable injury. The Office of Judges found that Dr. Guberman's evaluation did not provide an accurate or reliable assessment of Mr. Sarratt's impairment. The record clearly shows that Mr. Sarratt had chronic cervical and thoracic symptoms prior to the

3

compensable injury and was even diagnosed with cervical and thoracic osteoarthritis as early as 2011. The Office of Judges concluded that Dr. Guberman was unable to correctly assess Mr. Sarratt's impairment due to his misunderstanding of Mr. Sarratt's medical history. It noted that Dr. Guberman was the only evaluator of record who did not apportion for preexisting osteoarthritis. Because Dr. Guberman's report was the only evidence submitted in support of a reopening of the claim for permanent partial disability benefits, the Office of Judges found that Mr. Sarratt failed to show that he sustained a progression or aggravation of his compensable condition which would entitle him to a greater award than he has already received. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 17, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. In order to reopen a claim for permanent partial disability benefits, the claimant must make an application in writing showing a progression or aggravation of the compensable condition or some other fact or facts which were not considered previously that would entitle the claimant to greater benefits than he or she had already received. West Virginia Code § 23-5-3. The only evidence submitted in support of his reopening request was the evaluation of Dr. Guberman. Dr. Guberman's evaluation is an unreliable assessment of Mr. Sarratt's impairment. Mr. Sarratt therefore failed to submit sufficient evidence to justify reopening the claim for additional permanent partial disability benefits.

Affirmed.

**ISSUED: April 20, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment

4